IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTIN BONILLA RAMIREZ

    Plaintiff,                              No. CIV S-05-1333 FCD GGH P

   vs.

JEANNE WOODFORD, et al.,

    Defendants.                         FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss, filed on August 3, 2006, to which plaintiff filed an opposition. Plaintiff filed an opposition in this court on August 31, 2006, deemed filed, pursuant to the mailbox rule, on August 27, 2006. In the meantime, plaintiff was granted an extension of time, pursuant to his August 17, 2006 request, to file an opposition. See Order, filed on August 29, 2006. Plaintiff then filed a copy of his earlier opposition on September 22, 2006, but without the exhibits appended to the earlier opposition, which later copy the court will strike as duplicative.

\\\\\

\\\\\

1

Plaintiff's Allegations

This action proceeds on an original complaint, filed on July 1, 2005, as modified by the court's order, filed on May 16, 2007, wherein defendant Woodford and plaintiff's claims for injunctive relief were dismissed from this action. The remaining defendants were employed at Mule Creek State Prison (MCSP) in the relevant period: Warden Scott Kernan; Correctional Officer (C/O) Watson; Correctional Lieutenant (C/Lt.) V. Rendon. Plaintiff was incarcerated at Pleasant Valley State Prison (PVSP) at the time he filed this action. Complaint (Cmpl.), pp. 1, 11-13. His latest address of record is Kern Valley State Prison.[1]

On August 15, 2003, plaintiff was incarcerated at MCSP in A-Facility when he was issued a Rules Violation Report written by defendant Watson on false charges of having masturbated while observing a female officer in violation of Cal. Code Regs. tit.xv, § 3007. Cmpl., pp. 13-14, 17. At the time plaintiff was detained in the sallyport under the Building 1 Control Tower and in front of the officers' podium booth and no officer observed plaintiff engaged in such misconduct. Cmpl., pp. 14, 17-18. Defendant Watson relied on false hearsay information supplied to him by two unreliable inmate informants; the inmates did not provide the information at the time in a sworn declaration. Cmpl., p. 15. Defendant Watson did not corroborate or investigate the statements but used them to charge plaintiff with the violation described pursuant to RVR Log No. A-08-03-041. Id. The Senior Hearing Officer (SHO) at the September 10, 2003, disciplinary hearing on the RVR, defendant Rendon, did not afford plaintiff due process by depriving him, a Spanish-speaking inmate not fluent in English, of a staff assistant translator; by not allowing plaintiff to present evidence or witnesses or an opportunity to be heard; by not presenting the informants at the hearing so that plaintiff might confront the evidence against him; by failing to note there was no corroboration for the fraudulent evidence that served as the basis for the charge. Cmpl., pp. 16-19. Plaintiff was placed in Administrative

---

[1] See Notice of Change of Address, filed on March 16, 2006.

1 Segregation (Ad Seg) for 95 days and subjected to a strip search without due process. Id. At the
2 hearing, wherein defendant Rendon found plaintiff guilty, the RVR was subsequently reduced to
3 a CDC-128 A custodial counseling chrono which was placed in plaintiff's prison file to his future
4 prejudice in the form of potential punishment by staff in other prisons. Cmpl., pp. 17-19.

5       Plaintiff includes as Exhibit A, at pages 26-28, of his complaint, a 602 appeal,
6 dated October 7, 2003, wherein plaintiff appeals the "erroneous RVR and CDC-128-A,"
7 complaining of the "practice" of relying solely on inmate confidential informant statements
8 without corroborating evidence. Plaintiff contends that two inmates, acting out of spite, could
9 conspire and target any inmate with false allegations. In the grievance he asks that the RVR and
10 CDC Form 128-A be removed from his central file. Evidently, the appeal went directly to the
11 second level review and was granted in part. Compl., Exhibit A, pp. 26-31.

12       In the November 21, 2003, second level appeal response to plaintiff's request that
13 the counseling chrono from the reduced RVR be dismissed and removed from his file, granting
14 in part plaintiff's administrative appeal, signed by defendant Warden Kernan, and submitted as
15 an exhibit to the complaint, it was found that the RVR should have been dismissed because the
16 SHO had determined that none of the evidence was supported:

> During the hearing, the Senior Hearing Officer (SHO) indicated that although the confidential sources were reliable, there is no corroborating evidence to support the information. The SHO elected to find the appellant guilty, and subsequently reduce the charge to a CDC Form 128-A, Custodial Counseling Chrono. However, since the SHO determined that none of the evidence was supported, a preponderance of evidence could not have been established. Therefore, the RVR should have been dismissed.
>
> In reviewing this case, including the appellant's arrest/conviction and in custody conduct history, it has been determined that the information contained in this RVR may be critical to future classification/program decisions. Therefore this incident shall be documented on a CDC Form 128-B, General Chrono.

Cmpl., p. 30, Ex. A.

\\\\\\

1          Within the response it was further ordered that the CDC Form 128-A, Custodial
2  Counseling Chrono, be dismissed and the information documented on a CDC Form 128-B,
3  General Chrono, to be placed in plaintiff's central file. Id. Although the second level appeal
4  response indicated that plaintiff could appeal to the director's level, plaintiff was informed by
5  Chief of Inmate Appeals Branch N. Grannis, in a letter dated January 8, 2004, that "[t]he Second
6  Level of Review is considered the department's final action in regard to Rules Violation Reporst
7  classified as Administrative" and that his administrative remedies had thus been exhausted as to
8  that grievance. Cmpl., Exhibit As, pp. 25, 31.
9          Plaintiff alleges that the defendants engaged in a conspiracy to deprive him of due
10 process and subject him to false disciplinary charges, false imprisonment and cruel and unusual
11 punishment. Cmpl., p. 5. He alleges that he is subject to retaliation and reprisals at different
12 prisons due to his having filed a grievance alleging staff misconduct in the charge brought
13 against him, although he does not specify the retaliation to which he has been subject at PVSP or
14 identify individuals responsible for any reprisal. Cmpl., p. 11. He makes a vague claim that he is
15 entitled to adequate health care services but does not state how his medical needs are not being
16 met or by whom he is being deprived of adequate medical care. Id. Plaintiff claims that he will
17 be subject to being irreparably harmed by the fraudulent information in his central file
18 concerning the sexual misconduct alleged, asserting that he will be targeted by other prison staff
19 and inmates, for which claims plaintiff does not provide any specificity. Cmpl., p. 12. To the
20 extent that he made them, as noted, plaintiff's injunctive relief claims have been dismissed.
21 Plaintiff seeks also declaratory relief and money damages, including both compensatory and
22 punitive damages. Cmpl., p. 21. Plaintiff makes vague allegations that defendants have violated
23 his federal and state constitutional rights and "state law" "by carrying out and performing their
24 job related duties with gross negligence" and by "displaying deliberate indifference to their legal
25 responsibility of [sic] the care of plaintiff." Cmpl., pp. 6-9.
26 \\\\\

Motion to Dismiss

Defendants move for dismissal, pursuant to non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure and Fed. R. Civ. P. 12(b)(6), on the ground that plaintiff has failed to exhaust administrative remedies and failed to state a claim upon which relief can be granted.  Motion to Dismiss (MTD), p. 1.

*Failure to Exhaust - Legal Standard under Non-Enumerated Fed.R.Civ.P. 12(b)*

In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and proving the absence of exhaustion."  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record.  Wyatt v. Terhune, 315 F.3d at 1120 n.14.  The court provided plaintiff with such fair notice by order filed on May 3, 2006.

Should defendants submit declarations and/or other documentation demonstrating an absence of exhaustion, making a prima facie showing, plaintiff has a burden of production to refute that showing, although plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.  If the court determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy for non-exhaustion of administrative remedies.  Wyatt v. Terhune, 315 F.3d at 1120.

*PLRA Requirements*

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Inmates seeking injunctive relief

must exhaust administrative remedies. <u>Rumbles v. Hill</u>, 182 F.3d 1064 (9th Cir. 1999). In <u>Booth v. Churner</u>, 532 U.S. 731,121 S. Ct. 1819 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 532 U.S. at 741, 121 S. Ct. at 1825. Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. <u>Booth v. Churner</u>, 532 U.S. 731, 121 S. Ct. 1819 (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) ("a prisoner does not comply" with the requirement of § 1997(e)(a) "by exhausting available remedies during the course of the litigation").

*Administrative Exhaustion Procedure*

In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. <u>Id.</u> at 1237-38.

*Discussion*

Defendants argue that plaintiff's only exhausted administrative appeal related to the gravamen of this action, the allegations of due process violations regarding a prison disciplinary action, complains of, and identifies only, the prison "practice" of relying on inmate confidential informants without corroborating evidence and that, therefore, any other claim by plaintiff should be dismissed for plaintiff's failure to exhaust administrative remedies. MTD, p. 8. In opposition, in addition to attaching the same administrative appeal he appended to his complaint, plaintiff submits unrelated 602 grievances, recently filed at Kern Valley State Prison,

one seeking an explanation for delays in Medi-Cal treatment for stomach, chest and headache problems, dated July 31, 2006, the copy of which does not contain a log number; the other, also without a log number, dated August 20, 2006, which complaining about a female Kern Valley State Prison C/O, who called him a sexual predator. Opposition (Opp.), Exhibits B, C, F, pp. 10-15, 18-19, 26-28. He also includes two notices, one indicating that a grievance, which plaintiff does not identify, was being sent to the first level, dated August 21, 2006, another indicating that another unidentified grievance was being sent to the third level of review, which is dated July 26, 2006. Opp., pp. 17, 24. For some reason, plaintiff includes a copy of documentation from his prison file indicating that plaintiff has been convicted, inter alia, of a number of sex offenses. Opp., Exhibit A, p. 5.

     Although it is defendants' burden to make a prima facie showing that plaintiff has failed to exhaust administrative remedies, where, as here, plaintiff has evidently attached to his complaint the only grievance related to the allegations of his complaint and has duplicated that filing in his opposition (in addition to producing irrelevant and unexhausted grievances), it is apparent that plaintiff has failed to exhaust his administrative remedy with regard to any of his claims concerning the charges and prison disciplinary action beyond his allegations of due a process violation because the prison accepted uncorroborated inmate confidential informant statements as a basis for charging and disciplining plaintiff. Plaintiff did not raise any of the other issues in his grievance upon which he seeks to proceed in this complaint, i.e., his claims concerning the allegedly deficient procedures at the September 10, 2003, prison disciplinary hearing. Plaintiff has made no showing that his other vaguely framed claims, i.e., related to reprisals at other institutions, have been exhausted. Indeed, the exhibits he has produced in opposition, other than the grievance which ultimately resulted in the removal of the CDC-128-A Counseling Chrono from his central file, do not demonstrate administrative exhaustion of any claim, and originate in 2006, which is too late for a complaint filed on July 1, 2005. See, McKinney v. Carey, supra, 311 F.3d at 1199 ("a prisoner does not comply" with the requirement

of § 1997(e)(a) "by exhausting available remedies during the course of the litigation"). Defendants' motion to dismiss the unexhausted claims should be granted.

*Legal Standard for Motion to Dismiss*

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256; 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S.555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

1    The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may disregard allegations in the complaint if they are contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Furthermore, the court is not required to accept as true allegations that contradict facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

The court has found that plaintiff has properly administratively exhausted only his claim as to a due process violation arising from defendants' reliance on uncorroborated confidential informant information in proceeding on disciplinary charges against plaintiff. Defendants are correct that plaintiff has wholly failed to allege any deprivation of his constitutional rights against defendant Kernan. MTD, p. 9.

Plaintiff is proceeding at this point on a claim for money damages. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In this case, the court notes that far from alleging defendant Kernan's involvement in any deprivation of due process in the use of the C.I. statements to support the RVR or as evidence in the disciplinary hearing, it appears that defendant Kernan granted plaintiff the relief he sought administratively by finding that the RVR should have been dismissed, and directing that the CDC 128-A Counseling Chrono be dismissed and a CDC 128-B General Chrono placed in plaintiff's prison file. See, Opp., p. 30. Defendants' motion to dismiss defendant Kernan from this action should be granted.

As to defendant Watson, plaintiff's claim is that this defendant violated his constitutional rights by basing an RVR on uncorroborated and uninvestigated statements from two inmate informants who provided false information. Defendants maintain that plaintiff does not have a constitutional right to be free from wrongfully issued disciplinary reports, citing out-of-circuit authority. MTD, p. 15, citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984); Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986), cert denied, 485 U.S. 982 (1988). In Freeman,

supra, at 951, the Second Circuit observes that a prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest" but does have "the right not to be deprived of a protected liberty interest without due process of law." In Hanrahan, supra, at 1140, the Seventh Circuit notes that under Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2975 (1984), a case cited by plaintiff, prisoners are entitled to be free from arbitrary actions by prison officials and that the procedural due process protections provided in Wolff are the safeguard against such arbitrary actions. These include the right to present witnesses and to present evidence, affording a prisoner a chance to defend against an improper or erroneous charge.

Moreover, plaintiff cannot even establish that the confidential reports were false. They may well have been true based on the facts alleged in the complaint. The submission of unnecessary exhibits by plaintiff showing him in fact to be a sex offender, if such were to be relied on by the court, certainly do nothing to reduce the undersigned's confidence in the accuracy of the confidential reports.

But accurate or not, plaintiff cannot show authority that a liberty interest exists in not being charged unless the charging authority has enough evidence to ultimately convict. Even in criminal actions, no such rule exists.

Of course, plaintiff claims that he has been deprived of, inter alia, these protections at his hearing but the court has found that he has not exhausted such claims administratively. Even assuming that plaintiff's claim of a procedural due process violation was not limited to his claim that the allegations against him were wrongly based on unreliable confidential informant information and that he had exhausted his claims that he was also deprived of procedural due process by, inter alia, not being allowed to present evidence or witnesses or to confront the informants at the hearing, by his own showing, plaintiff demonstrates that he has not been deprived of due process by either defendant Watson or defendant Rendon because he has shown in his complaint and exhibits thereto that at or after the

11

hearing the RVR was reduced to a custodial counseling chrono and ultimately, after his administrative appeal, simply to a general informational chrono.

> It is well-established that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Burnsworth v. Gunderson, 179 F.3d 771, 774 (9th Cir.1999) (alteration in original) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). "Under Sandin [v. Conner], a prisoner possesses a liberty interest under the federal constitution when a change occurs in confinement that imposes an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.' " Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir.2000) (alteration in original) (quoting Sandin, 515 U.S. [472,] at 484, 115 S.Ct. 2293).

Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).

As defendants observe, a custodial counseling chrono is the least restrictive from of formal disciplinary action that can be imposed under the California Department of Corrections and Rehabilitation. MTD, p. 13. The only punishment that can be handed out is counseling and a reprimand under CAL. CODE REGS. tit.xv, § 3312(a)(2).[2] Id. Further, part of the procedural safeguards he was afforded included the grievance procedure wherein even the custodial counseling chrono was dismissed. Plaintiff cannot complain of an "atypical or significant hardship" by imposition of a custodial counseling chrono following an RVR disciplinary hearing.

Plaintiff also alleges that he was placed in Ad Seg for 95 days and subjected to a strip search. It appears that this placement occurred as a result of his having received the RVR, and was pending the disciplinary hearing. In Resnick v. Hayes, 213 F.3d 443 (9th Cir. 2000), the Ninth Circuit noted that Sandin relied on three factors in determining that plaintiff has no interest in avoiding disciplinary segregation: "(1) disciplinary segregation was essentially the same as

---

[2] "Custodial Counseling Chrono. When [] minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed, a description of the misconduct and counseling provided shall be documented on a CDC Form 128-A, Custodial Counseling Chrono. A copy of the completed form shall be provided to the inmate and the original placed in the inmate's central file. Disposition of any contraband involved shall be documented in the CDC Form 128- A." CAL. CODE REGS. tit.xv, § 3312(a)(2).

discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no 'major disruption in his environment'; and (3) the length of the plaintiff's sentence was not affected." Resnick, supra, at 444-445, citing Sandin, supra, at 486-487, 115 S. Ct. 2293. As in Resnick, plaintiff here makes no allegation that his segregation "was materially different from those conditions imposed on inmates in purely discretionary segregation." Resnick, supra, at 445. Nor does plaintiff allege that the conditions of his Ad Seg confinement, compared with the conditions found in the general population created "a major disruption" in his environment; nor does plaintiff claim that the length of his sentence was affected. Id. Thus, as far as can be discerned from his complaint, his placement and retention in Ad Seg was "within the range of confinement to be normally expected" by prisoners. Id., citing Sandin, supra, at 486-487, 115 S. Ct. 2293. Thus, plaintiff had no protected liberty interest in being free from Ad Seg confinement pending his disciplinary hearing. Resnick, supra, at 445; see also, Austin v. Terhune, 367 F.3d 1167, 1170 (9th Cir. 2004); and May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (citing Sandin, at 480, 115 S. Ct. at 2298, and noting that in Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), "the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence"). Further, to the extent plaintiff complains of a strip search, in May, supra, at 565, the Ninth Circuit found that a visual body cavity search did not violate plaintiff's constitutional rights, citing Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988).

Defendants' motion to dismiss should be granted without leave to amend. The undersigned finds that the defects of this complaint cannot be cured. "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord

1  Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987).

2        Liberality in granting a plaintiff leave to amend "is subject to the qualification that
3  the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not
4  futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting
5  Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  In this case, the court can discern no
6  manner in which plaintiff might be able to cure the defects of his allegations.  This appears to be
7  one of those relatively rare cases when to grant plaintiff further leave to amend would be patently
8  futile.

9        "Under Ninth Circuit case law, district courts are only required to grant leave to
10  amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a
11  complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,
12  Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing
13  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to
14  amend even if no request to amend the pleading was made, unless it determines that the pleading
15  could not be cured by the allegation of other facts.").

16        Accordingly, IT IS ORDERED that plaintiff's September 22, 2006 opposition to
17  defendants' motion to dismiss is stricken as duplicative of the opposition filed on August 31,
18  2006.

19        IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, filed on
20  August 3, 2006, be granted and this case be dismissed.

21        These findings and recommendations are submitted to the United States District
22  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen
23  days after being served with these findings and recommendations, any party may file written
24  objections with the court and serve a copy on all parties.  Such a document should be captioned
25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26  shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 3/9/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
rami1333.mtd